PHILIP S. SIMMONS *vs.* LEWIS L. SIMMONS, Admr.

MAY 7, 1936.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

FLYNN, C. J.   This is a probate appeal from the decree of the probate court of Newport, admitting to probate a certain instrument in writing, dated July 28, 1933, as the last will and testament of Annie B. Simmons, and appointing Lewis L. Simmons, Jr., administrator of her estate, with said will annexed.

The case is before us upon the appellant's bill of exceptions which sets out only one exception, namely, to the ruling of the trial justice in granting the appellee's motion for a new trial, after a jury in the superior court had rendered its verdict that said written instrument was not the last will and testament of Annie B. Simmons.

It appears from the record and evidence before us that Annie B. Simmons was an elderly woman, who was suffering increasingly from cancer and, for some time, was confined to her bed, requiring the attention of a physician and of a day and a night nurse.

On July 28, 1933, she signed, according to the appellee, a written instrument which purported to be her last will.

It was prepared, according to witnesses, at her request by a Miss Iva M. Fisher, who was a close friend and roommate of Augusta Ruede, one of the nurses attending the testatrix, and also one of the beneficiaries under the will and a witness thereto. This instrument, hereinafter referred to as the will, in its entirety reads as follows:

"Lizzie—$15,000 in stock and money. Ned—$1500.00 (fifteen hundred). Beck—$1500.00 (fifteen hundred). Gussie to have the rings, pearls, silver and long bar pin. Phil—$4,000. My old will is to be destroyed. Divide the trinkets and personal effects among the family. To Olive—$300 (three hundred) To Carrie Stevens—$200. (two hundred) July 28, 1933. Annie B. Simmons Witnesses—Iva M. Fisher Augusta Ruede."

The testimony shows that a previous will, making different disposition of her property, and executed in 1922, remained without change until destroyed in the presence of the testatrix, July 28, 1933.

The testatrix died on August 1, 1933, at Newport, leaving a surviving husband, but no children. Philip S. Simmons, husband of the deceased and the appellant here, filed, on August 8, a petition in the probate court of Newport which presented for probate the will in question, and prayed that he be appointed administrator of his wife's estate with said will annexed. On August 25, all of the other legatees under the will joined in another petition to said probate court praying that the will be probated and for the appointment of Lewis L. Simmons, Jr., or some other suitable person, as administrator of this estate, with said will annexed. At the hearing in the probate court, the appellant opposed the probating of the will.

The probate court, by its decree of August 31, 1933, admitted the will to probate and appointed Lewis L. Simmons, Jr., as administrator *c. t. a.*, and from this decree

Philip S. Simmons, appellant here, claimed an appeal to the superior court, urging as reason therefor, in substance, that said instrument was not the last will and testament of Annie B. Simmons; that said instrument "if signed" by her was signed at a time when she did not possess testamentary capacity, and further that her signature was obtained as the result of undue influence exerted by Augusta Ruede, Elizabeth T. Bosworth, and Rebekah B. MacVicar.

The action was tried later by a justice of the superior court sitting with a jury at Newport. The issue of the testamentary capacity of Annie B. Simmons, as well as that of undue influence claimed to have been exerted upon her by the others named, was submitted to the jury, which returned a general verdict that the written instrument, dated July 28, 1933, and purporting to be the last will of Annie B. Simmons, was not the last will of said Annie B. Simmons  The appellee then filed his motion for a new trial upon the usual grounds, stressing that the verdict was against the evidence and the weight thereof and, after hearing, the trial justice granted this motion and ordered a new trial. To this ruling the appellant filed his exception, it being the sole exception in the bill of exceptions which he has prosecuted to this court.

The appellant contends that the trial justice erred in granting the motion for a new trial, in that he misconceived the evidence and also failed to consider the question of undue influence. The nature of these contentions, if well founded, would deprive the decision of the trial justice, in disapproving the jury's verdict, of the weight usually to be given to such a decision because he has seen and heard the witnesses.

Under the circumstances, we have examined the transcript of evidence independently of the opinion of the trial justice, in order to satisfy ourselves whether his determination upon the weight of the evidence was clearly wrong, or whether it was not made upon conflicting testimony but was based rather upon a misconception of the evidence, as

claimed by the appellant.. *Surmeian* v. *Simons*, 42 R. I. 334. The result of this examination will not be discussed in detail here in view of our later finding that the whole matter should be presented to another jury, which will be required to pass upon the weight of the evidence and the credibility of the witnesses and to determine the issues presented. A similar practical effect and treatment was found and followed by this court in *Whitford* v. *Palmer*, 40 R. I. 196.

Suffice it to say, generally, that our consideration of the transcript discloses evidence, introduced chiefly on behalf of the appellee, from which the jury reasonably could find that Annie B. Simmons possessed the necessary testamentary capacity, on July 28, 1933, to make her will, and that she did execute the instrument in question as and for her last will and testament, free from the exercise of any undue influence by any of the persons named.

On the other hand, there also is sufficient evidence therein which, if believed, would justify a jury in returning its verdict upon either issue that said instrument was not the last will and testament of Annie B. Simmons. The evidence was clearly conflicting on both issues and was developed from many witnesses, including all of the beneficiaries under the will or interested witnesses, with the exception of Caroline H. Stevens, together with the physician and other witnesses, who may be termed as disinterested. Because of this sharp conflict in the evidence, these issues properly were submitted to the jury for determination.

Both the jury and trial justice had the benefit of seeing and hearing witnesses as they testified, an advantage which we do not have and which, as a general rule, is of great assistance in passing fairly on the credibility of the witnesses and in determining the correct weight to be given to their testimony.

The trial justice, however, differed from the jury apparently upon the probative value of certain testimony and upon the weight to be given to the evidence as a whole.

In granting the appellee's motion for a new trial, he disposed rather summarily of the question of undue influence by stating in the opening sentence of his rescript: "There is only one real issue in this case, and that is the question of testamentary capacity on the part of Mrs. Simmons at the time the will was executed on July 28, 1933." Then, after a brief discussion of the probative value of certain testimony of the doctor and others, he concluded: "The court finds that the evidence of testamentary capacity on the part of Mrs. Simmons is overwhelmingly in favor of sustaining the will."

Largely from this rescript, the appellant complains and argues that the trial justice failed to consider the question of undue influence, and also that he misconceived the evidence. He interprets the first sentence of the rescript, apart from its context and from the surrounding circumstances of the trial and evidence, as if it read that there was *only one issue* in the case. But this construction would dictate the conclusion that the trial justice deliberately or inadvertently overlooked one of the two issues which, previously in his charge, he had submitted to the jury. Moreover, it would require us to do violence to the language of the sentence actually used, because it reads, not as the appellant reasons, but rather that: "There is only one *real* issue," *etc.*

The presence of the word "real" in its context implies the exercise of judgment and leads us to interpret this language as showing and meaning that the trial justice, on the motion for a new trial, considered *both* issues of the case, and finally concluded, according to his own valuation of the evidence, that the case reduced itself to one controlling issue. From this the natural deduction is that the reason why he did not discuss the issue of undue influence is that he did not think enough of the probative value of the evidence on that issue to warrant any discussion of it. It may be, too, that the appellant did not stress that issue at that time before the trial justice as strongly as he did before us. In this situation

we conclude from his rescript and decision, in the absence of any real indication to the contrary, that the trial justice performed his duty in the premises and considered all the points raised and argued by the appellee's motion for a new trial, and found that the verdict failed to administer substantial justice according to his view of the evidence and its value; and that he was not simply in doubt about its correctness, but rather was convinced that the evidence clearly preponderated against the jury's verdict. *Surmeian* v. *Simons, supra; McMahon* v. *Rhode Island Co.,* 32 R. I. 237; *Spiegal* v. *Grande,* 45 R. I. 437.

It is apparent to us from a consideration of the transcript of evidence that the instant case presents primarily questions of fact which ultimately should be determined by a jury. The evidence was so conflicting upon both issues that the minds of reasonable men might honestly differ upon its probative value and the weight to be given thereto. Both the jury and trial justice had the opportunity of seeing and hearing the witnesses in circumstances where the credibility of witnesses was a large, if not controlling, factor in determining the issues presented. They have reached opposite conclusions upon the same evidence. The appellant's argument before us has not been without considerable force and he has created some doubt about the correctness of the ruling of the trial justice.

The rule, however, in this state is well established that the decision of a trial justice, granting a motion for a new trial on the ground that the verdict is against the fair preponderance of the evidence, will not be disturbed by this court, unless it is made to appear that such conclusion was clearly erroneous. *Wilcox* v. *Rhode Island Co.,* 29 R. I. 292; *Jefferds* v. *Chapman,* 141 A. 330, and cases cited; *Spiegel* v. *Grande, supra.*

In view of the presence of evidence sufficient to support wholly different conclusions, which depend so materially on the credibility of the witnesses, and without an equal opportunity to see and hear the witnesses as they testified,

we can not say that the appellant has sustained his burden of convincing us that the trial justice was clearly wrong.

For the reasons suggested, therefore, we find that the ends of substantial justice between the parties will be better served if this case is submitted upon all issues to another jury for determination.

The appellant's exception to the granting of appellee's motion for a new trial is therefore overruled and the case is remitted to the superior court for further proceedings.

*Burdick, Corcoran & Peckham, Clark Burdick*, for appellant.
*Sheffield & Harvey, J. Russell Haire, William R. Harvey*, for appellee.